UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlton Financial Corporation,

      Plaintiff,

v.                                                                              Civ. No. 08-4845 (JNE/JJK)
                                                                                ORDER

Van Der Molen Recreational Properties, Inc.,
and Edward H. Van Der Molen,

      Defendants.

_____

Joseph W. Lawver, Esq., Messerli & Kramer, appeared for Plaintiff Carlton Financial
Corporation.

There was no appearance for Defendant Van Der Molen Recreational Properties, Inc.

There was no appearance for Defendant Edward H. Van Der Molen.

Andrew Bosshard, Esq., Bosshard Parke Ltd., appeared for Bank of Mauston, an interested third
party.

_____

      Plaintiff Carlton Financial Corporation (Carlton Financial) brings this action against

Defendants Van Der Molen Recreational Properties, Inc. (Recreational Properties), and Edward

H. Van Der Molen, alleging that Defendants breached contracts with Carlton Financial and

seeking money damages and possession of equipment leased to Recreational Properties under the

contracts.  The case is before the Court on Carlton Financial's motion for return of property

pursuant to Minn. Stat. § 565.23 (2006).

      Carlton Financial, a Minnesota Corporation, is engaged in the business of leasing and

financing the leasing of equipment to businesses.  Recreational Properties, a Wisconsin

Corporation, owns and operates a hotel, campground, water park, and resort.  Recreational

Properties leased equipment from Carlton Financial pursuant to a Master Lease Agreement and

11 lease schedules.  To induce Carlton Financial to lease the equipment to Recreational

Properties, Van Der Molen contracted with Carlton Financial to guarantee payment and

performance by Recreational Properties.

Via affidavit, Carlton Financial has established that Defendants failed to make lease

payments when due.  Under the lease agreements, Carlton Financial is entitled to return of the

leased equipment in the event of default.  Accordingly, Carlton Financial is entitled to possession

of the equipment.

Carlton Financial has filed an affidavit which sufficiently identifies, via reference to the

Complaint and its attachments, the property to be returned.  *See* Minn. Stat. § 565.23, subd. 1.

The Court concludes that Carlton Financial has demonstrated probability of success on the merits

of its claim.  *See id.* § 565.23, subd. 3.  Defendants have not established circumstances that

would justify their continued possession of the property at issue.  *See id.* § 565.23, subd. 3.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.  Carlton Financial's motion for return of property [Docket No. 4] is
    GRANTED.

2.  Carlton Financial is entitled to immediate possession of the equipment
    described in the Complaint and its attachments, as well as in Exhibit 1 to
    Plaintiff's Notice of Motion (the Equipment).

3.  Defendants shall not themselves—nor shall they permit any agent acting
    on their behalf—to damage, conceal, waste, sell, rent, dismantle, or
    otherwise alter the condition of the Equipment.

4.  Defendants shall deliver the Equipment to Carlton Financial at a location
    to which the parties shall agree.  Defendants shall not take any action that
    would interfere in any way with the seizure of the Equipment.  If
    Defendants fail to deliver any of the Equipment to Plaintiff, Defendants
    shall appear before this Court on Friday, September 19, 2008, at 9:00 a.m.,
    to show cause why an order should not be entered finding Defendants in
    contempt of Court for failure to deliver the Equipment.  Failure to appear

personally before the Court as ordered and commanded may be grounds for holding Defendants in contempt of Court and a bench warrant may be issued to compel appearance.

5. Transfer of possession of the Equipment pursuant to this Order shall be stayed through August 25, 2008.

6. The bond that would be required by Minn. Stat. § 565.25, subd. 1 (2006) is waived unless one or more Defendant informs the Court of its objection prior to August 25, 2008.

7. If the Equipment remains in the possession of Defendants beyond September 26, 2008, Carlton Financial may move this Court for an order directing the United States Marshals to take immediate possession of the Equipment and deliver it to Carlton Financial.

8. Carlton Financial is authorized to sell or otherwise dispose of the Equipment pending a final hearing on the merits.

Dated: August 11, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge